MARVIN, Judge.
In this suit arising out of an option to purchase real estate which allowed the purchaser to cure defects in the title at the cost of the seller, judgment was rendered against the corporate purchaser and its president, in solido, for an amount ($3,044) which was charged the seller over and above the actual cost to cure as found by the trial court. The corporation and its president appeal. We affirm.
In 1971 plaintiff contracted to sell lands for $8,400 to Graves Construction, Inc., whose president, Glen D. Graves, negotiated and carried out the contract. The land was to be surveyed and subdivided into lots. The contract provided that “all property left out of [the] survey will be deeded back to Annie Moore Hughes [plaintiff herein]” and that
“Should any defects be found in the title same may be cured at the op *DXVII tion of the buyer, the cost of same to be deducted from the purchase price.”
One title defect was a judgment against plaintiff in the principal amount of $2,318 with interest and attorney fees. Graves caused the judgment creditor to “sell” or assign this judgment to him for $1,100. On the next day Graves caused plaintiff to consummate the sale of the property to the corporation and caused to be deducted from the purchase price the sum of $4,144, which he calculated to be the amount owed in principal, interest and attorney fees on the judgment. He then caused the corporation to pay this amount to him.
Counsel for defendants first argues that Graves was acting solely for himself and not for the corporation when he bought the judgment and that it was not illegal for him to make a profit on the transaction. In a reply brief, counsel for defendants argues that Graves could not be an agent for plaintiff-seller because “ . . .at all times, he was dealing as President of Graves Construction, Inc.” (But see C.C. Art. 3016; Uhlich v. Medallion Realty, Inc., 334 So.2d 788 (4th Cir. 1976)).
We need not determine the technical niceties or the labeling of Graves’ relationship to plaintiff or whether the corporation may have become the plaintiff’s agent in curing the defect in the title to the real estate which was the subject of the contract. When the corporation, through Graves, chose to cure the defect its obligation was to cure it at cost. The judgment creditor was willing to and did divest itself of any interest in the judgment for $1,100. The trial judge correctly observed that this was the cost to cure the property of that judgment even though the face value of the judgment with interest and attorney fees was $4,100.
Graves misrepresented to plaintiff that the cost to cure the defect was $4,100. He was the person through whom or with whom everyone acted. Graves was the person through which the corporation practiced a fraud upon plaintiff by misrepresenting that the cost to cure was $4,100. La.C.C. Arts. 1847, 2324. See also La.Criminal Code Arts. 24, 67. Graves’ interest in the judgment and the amount it would take to cure or remove the judgment as an encumbrance on the property arose solely and only because of Graves’ negotiation of the contract with plaintiff. Even if he was not the agent of plaintiff when he bought the judgment, “personally, for himself” as he contends, Graves was the agent for the corporation in all his dealings, as he later contends. In that capacity he is not allowed to profit for himself because his profit is the fruit of his relationship with the corporation and in direct violation of the obligation of the corporation to plaintiff. See Sentell v. Richardson, 211 La. 288, 29 So.2d 852 (1947). Insofar as plaintiff was concerned, Graves was the corporation and is personally obligated with the corporation under these circumstances to cure at cost. Graves was obligated not to personally interpose himself between plaintiff and the corporation to unconscionably misrepresent that cost or to unjustly enrich himself. See also C.C. Art. 1847(9). The trial court was correct in casting both Graves and the corporation in judgment.
Graves concedes in his testimony and his counsel concurs in brief that the corporation is obligated to return to plaintiff that portion of the property which was not subdivided. They agree on the description, but contend that the corporation and a related corporation to whom the property was later conveyed (also a defendant), should not both be required to execute a warranty deed to plaintiff because both corporations do not own it. The effect of the warranty which defendants fear is not justified because plaintiff, having warranted title when Graves Construction, Inc. acquired the property, is subject to a call in warranty. Defendants in such a case are warranting against nothing other than their own acts and cannot complain.
At appellants’ cost, judgment is AFFIRMED.